UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JACOB GRICE,

                Plaintiff,        6:18-CV-6414-MAT

      v.                    **DECISION AND ORDER**

PHIL MCMURDY and
DOE DEFENDANTS 1-25,

                Defendants.
_____

## **INTRODUCTION**

Plaintiff Jacob Grice (hereinafter, "Plaintiff") filed this action on June 7, 2018, alleging breach of contract, fraud, actual fraudulent transfers, constructive fraudulent transfers, unjust enrichment, and intentional infliction of emotional distress, against defendants Phil McMurdy (hereinafter, "defendant McMurdy") and Doe Defendants 1 through 25 (hereinafter, "the Doe defendants"). Docket No. 1. Presently before the Court is Plaintiff's Request for Entry of Default Judgment for Sum Certain. Docket No. 10. For the following reasons, Plaintiff's request for a default judgment is denied without prejudice.

## **BACKGROUND**

The following allegations are taken, as necessary, from Plaintiff's complaint (Docket No. 1). On June 10th and 11th, 2012, Plaintiff and defendant McMurdy entered into a contract, pursuant to which defendant McMurdy was to sell on consignment

Plaintiff's sports collectible memorabilia merchandise. Docket No. 1 at ¶ 11. Plaintiff delivered to defendant McMurdy two pallet loads of his sports memorabilia on June 10th and 11th, 2012. *Id*. at ¶ 12. Plaintiff alleges that defendant McMurdy failed to deliver payment, as required by the contract. *See id*. at ¶¶ 13-19. Plaintiff further alleges that defendant McMurdy failed to maintain insurance with Collectible Insurance Services LLC, also in contravention of the contract. *Id*. at ¶¶ 13, 20. The complaint also names 25 Doe defendants.[1] Plaintiff seeks punitive damages for Defendants' alleged conduct. *Id*. at ¶¶ 65-66.

Defendant McMurdy was served with a copy of the complaint on August 21, 2018. *See* Docket No. 3 (Proof of Service). On April 8, 2019, the Court issued an Order to Show Cause, directing

---

[1] Plaintiff alleges that jurisdiction is proper pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000 and the matter is between citizens of different States. Docket No. 1 at ¶ 9. Plaintiff alleges that he is a citizen of Oregon, and defendant McMurdy is a citizen of New York. *Id*. The complaint does not include allegations regarding the citizenship of the twenty-five Doe defendants.

The inclusion of John Doe defendants is not an automatic bar to establishing subject matter jurisdiction pursuant to § 1332. *See Marcelo v. EMC Mortgage Corp*., No. 10-CV-5964(JS)(ETB), 2011 WL 1792671, at *4 n.3 (E.D.N.Y. May 6, 2011); *see also Wells Fargo Bank, N.A. v. Ullah,* No. 13 Civ. 0485(JPO), 2014 WL 470883, at *6 n.3 (S.D.N.Y. Feb. 6, 2014) ("Many district courts within the Second Circuit agree that the citizenship of unidentified defendants is irrelevant for purposes of diversity jurisdiction, so long as the defendants remain unidentified."); *Zaccaro v. Shah*, 746 F. Supp. 2d 508, 516 (S.D.N.Y. 2010) ("'Although the Second Circuit has not ruled on this question, district courts in the Circuit have held that the mere inclusion of John Doe defendants does not destroy complete diversity until it is later found that one or more of the unknown defendants is domiciled such that there is not complete diversity.'") (quoting *Doe v. Ciolli*, 611 F. Supp. 2d 216, 220 (D. Conn. 2009)). Accordingly, jurisdiction appears to be proper at this time.

that Plaintiff show cause in writing why his case should not be dismissed for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). *See* Docket No. 6. Plaintiff filed a response on April 17, 2019, explaining that since June 2018, he has been working "to determine where his merchandise was sold, and gain statements from such persons or entities as to the particulars surrounding the sale of the memorabilia." Docket No. 8 at ¶ 6. Plaintiff further explained that he was working to quantify the debt owed to him, and to retain an expert to determine the value of each item of memorabilia. *Id*. at ¶ 7. Plaintiff stated that he planned to file a motion for default judgment once he received calculations from his expert regarding the amount owed by the Defendants. *Id*. at ¶ 8.

Also on April 17, 2019, Plaintiff filed an Affidavit in Support of a Request for Entry of Default, which stated that Defendants' deadline for responding to the complaint, which was October 4, 2018, had passed. Docket No. 7-1 at ¶¶ 4, 5. Plaintiff therefore requested that the Clerk of Court enter default against the Defendants. *Id*. at ¶ 6. Plaintiff's counsel also filed a certificate of service, stating that she served a copy of the request for entry of default by United States Mail. Docket No. 7-3. On April 18, 2019, the Clerk of Court filed an entry of default against the Defendants. Docket No. 9.

Thereafter, on July 31, 2019, Plaintiff filed a Request for Entry of Default Judgment for a Sum Certain, pursuant to Fed. R. Civ. P. 55(b)(1) and L. R. Civ. P. 55(a). Docket No. 10. Plaintiff requested that the Clerk of Court enter default judgment against Defendants, and order that they pay Plaintiff in the amount of $983,758.00. *See* Docket Nos. 10-1, 10-3. Plaintiff's counsel also filed a certificate of service, stating that she served a copy of the request for default judgement by United States Mail. Docket No. 10-4. Included with Plaintiff's request is an affidavit submitted by Austin Neale, I.S.A., AM, an appraiser and auctioneer, which states that the total fair market value of Plaintiff's sports memorabilia is $983,758.00. *See* Docket Nos. 10-2, 13.

## DISCUSSION

### I. **Plaintiff's Request for Default Judgment for a "Sum Certain."**

Fed. R. Civ. P. 55(b)(1) provides:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk - on the plaintiff's request, with an affidavit showing the amount due - must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." *Id*. at (b)(2).

"The clerk can enter a default judgment only if the amount sought is a sum certain or a sum that can be made certain by

computation." *James v. Lopez Motors, LLC*, No. 3:16-CV-835(VLB), 2018 WL 1582552, at *2 (D. Conn. Mar. 31, 2018) (citing Fed. R. Civ. P. 55(b)(1)). "[I]f the amount of liability is capable of precise calculation, such as an amount appearing on the face of an instrument, *Thorpe v. Thorpe*, 364 F.2d 692 (D.C. Cir. 1966), or the amount of a delinquent tax assessment, *United States v. Raleigh Restaurant*, 398 F. Supp. 496 (E.D.N.Y. 1975), then it is a 'sum certain or . . . a sum which can by computation be made certain.'" *Combs v. Coal & Mineral Management Services, Inc.*, 105 F.R.D. 472, 474 (D.D.C. 1984); *see also U.S. v. Gagnon*, No. 8:17-CV-0027(GTS/CFH), 2017 WL 6507099, at *2 (N.D.N.Y. Dec. 19, 2017) (describing a "sum certain," as an amount that is "liquidated or susceptible to mathematical computation."). "The clerk may properly enter a default judgment for that amount because, once the fact of liability is established, the dollar amount of that liability follows with mathematical certainty. The clerk is not being asked to exercise discretion [she] does not have." *Combs*, 105 F.R.D. at 474.

However, "[i]f the dollar amount of the defendant's liability is a matter of estimation, such as the value of a converted chattel, *United States v. Melichar*, 56 F.R.D. 49 (E.D. Wis. 1972), or the extent of personal injuries, *Finch v. Big Chief Drilling Company*, 56 F.R.D. 456 (E.D. Tex. 1972), then it is not a 'sum certain' and entry of default judgment for that

amount may be entered only by the Court after a factual evaluation." *Id.* at 474.

The amount in damages that Plaintiff is seeking - the value of his sports memorabilia - is not a "sum certain." Plaintiff does not include a sum certain in his complaint; in fact, he requests punitive damages. *See* Docket No. 1 at ¶¶ 65-66; *Birden v. Schanno Transportation, Inc.*, No. 5:03-CV-1095(FJS/GJD), 2004 WL 733704, at *2 n.4 (N.D.N.Y. Apr. 5, 2004) ("Since, among other things, Plaintiff demands punitive damages, the amount he seeks is not a sum certain."). Rather, Plaintiff offers Mr. Neale's opinion to fix a value to his baseball and basketball playing cards. *See* Docket No. 13. This opinion constitutes an estimation of the converted value of property, and a default judgment cannot be entered until the Court has engaged in a factual evaluation regarding the amount owed. *See Sette-Hughes v. Sprauve*, 663 F. App'x 10, 11 (2d Cir. 2016) (district court properly entered default judgment, and relied on an appraisal of the defendant's property to determine damages); *Richmond v. Smith*, 127 F.R.D. 178, 179-80 (D. Nev. 1989) (damages based on the plaintiff's claim for conversion of his personal property were not a "sum certain."); *see also* Fed. R. Civ. P. 55(b)(2)(B) (the Court may conduct a hearing to determine the amount of damages).

**II. <u>Plaintiff's Request is Denied Without Prejudice</u>**.

As discussed above, when the plaintiff's claim is not for a "sum certain," he must apply to the Court for a default judgment. *See* Fed. R. Civ. P. 55(b). The Court will therefore evaluate Plaintiff's request pursuant to Fed. R. Civ. P. 55(b)(2). A party's default "is deemed to constitute a concession of all well pleaded allegations of liability. . . ." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, a default "is not considered an admission of damages." *Id.*; *see also Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. . . . The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.") (internal citations omitted).

"As the Second Circuit has observed, the Court is guided by the same factors which apply to a motion to set aside entry of a default." *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011). That is, "[w]hen deciding whether to relieve a party from default or default judgment, we consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky v.*

*Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). "[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right. . . . Rather, it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *RJ Kitchen Assocs. Inc. v. Skalski*, No. 16-1436(LDH)(AKT), 2018 WL 5456672, at *10 (E.D.N.Y. Aug. 2, 2018) (internal quotations and citations omitted) (alteration in original). "The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

As explained above, in determinating whether to grant a default judgement, the Court must consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer. Because he moved for a default judgment pursuant to Fed. R. Civ. P. 55(b)(1), Plaintiff does not address any of these factors in his papers. It is Plaintiff's burden to demonstrate that he is entitled to judgment by default, and he has failed to meet this burden. Accordingly, the Court will not enter a default judgment against Defendants at this time.

## CONCLUSION

For the reasons set forth above, Plaintiff's request for a default judgment (Docket No. 10) is denied without prejudice. Plaintiff may file with the Court a motion for default judgment within thirty days of the date of this Decision and Order. Plaintiff is directed to serve a copy of this Decision and Order on Defendants, and file proof of service of the same. Defendants are hereby advised that their failure to respond to any additional motions made by Plaintiff may result in entry of a default judgment against them.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: Rochester, New York
January 8, 2020